IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
        Plaintiff, )
 ) CIVIL ACTION NO.
v. )
 ) 1:06CV-161
TEXAS HYDRAULICS, INC., ) COMPLAINT
 )
 ) JURY DEMAND  Mattice/Lee
        Defendant. )

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on religion and to provide appropriate relief to Keith Vogeler. The Commission alleges that Mr. Vogeler, a former employee, was denied a reasonable accommodation for his sincerely held religious beliefs and terminated as a direct result of Defendant's refusal to accommodate his religious beliefs, causing Mr. Vogeler to suffer lost income and serious mental and emotional injuries.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee, Southern Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant Texas Hydraulics, Inc. ("Employer"), a foreign corporation, has been continuously doing business in the state of Tennessee and the city of Athens and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Keith Vogeler filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From January through October, 2005, Defendant Employer engaged in unlawful employment practices at its Athens, Tennessee facility, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

2

8. Keith Vogeler became employed at Defendant's facility in Athens, Tennessee, as a production worker in 1994.

9. Mr. Vogeler has a sincerely held religious belief that Saturday is the Sabbath and he is prohibited from working on the Sabbath.

10. For the entirety of his employment with Defendant, Mr. Vogeler has refused to work between sundown on Friday and sundown on Saturday in accordance with his sincerely held beliefs.

11. For the first ten years or so of his employment with Defendant, Defendant honored Mr. Vogeler's religious beliefs and did not attempt to force him to work on Saturdays.

12. However, during or about 2004 Defendant began attempting to require Mr. Vogeler to violate his religious beliefs and work overtime assignments on Saturdays.

13. Mr. Vogeler continued to refuse to do so. Defendant assessed points for absenteeism against Mr. Vogeler and threatened him with termination if he continued to refuse to work Saturday overtime assignments.

14. On March 1, 2005, Mr. Vogeler filed a charge of discrimination with the Commission alleging that Defendant was harassing and discriminating against him because of his religion by refusing to accommodate his religious beliefs.

15. Defendant continued to assess absentee points against Mr. Vogeler when he refused to work on Saturdays, but it took no further action against him.

16. On occasions when Mr. Vogeler accumulated a sufficient number of absenteeism points to be subject to termination under Defendant's attendance policy, Defendant rescinded some of the points and allowed Mr. Vogeler to remain employed.

17. In light of Defendant's not taking any materially adverse employment action against Mr. Vogeler, the Commission dismissed the charge of discrimination on September 12, 2005.

18. After the Commission dismissed the charge of discrimination, Defendant continued to assess absentee points against Mr. Vogeler when he refused to work on Saturdays.

19. On or about October 24, 2005, Mr. Vogeler was stopped by police while on his way to work because of a broken tail light on his vehicle. This stop caused him to be late for work, and Defendant assessed him an absentee point against him for being tardy.

20. This point raised Mr. Vogeler's total absenteeism points to a total that made him subject to termination under Defendant's absenteeism policy.

21. Unlike what it did when Mr. Vogeler's earlier charge of discrimination was pending, Defendant terminated Mr. Vogeler for absenteeism.

22. The point Mr. Vogeler was assessed on October 24, 2005, was the only absenteeism point Mr. Vogeler had received for any occasion other than the Saturdays he refused to work due to his religious beliefs.

23. On November 3, 2005, Mr. Vogeler filed another charge of discrimination alleging that he had been discriminated against and terminated because of his religious beliefs.

24. Mr. Vogeler has suffered loss of income and serious mental and emotional injuries due to Defendant's refusal to accommodate his religious beliefs.

4

25. The effect of the practices complained of in paragraphs 18 – 22 above has been to deprive Keith Vogeler of equal employment opportunities and otherwise adversely affect his status as an employee because of his sincerely held religious beliefs.

26. The unlawful employment practices complained of in paragraphs 18-22 above were intentional.

27. The unlawful employment practices complained of in paragraphs 18 – 22 above were done with malice or reckless indifference to the federally protected rights of Keith Vogeler.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of religion.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide protection against discrimination based on religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Keith Vogeler by providing appropriate compensatory damages for his pecuniary losses, including but not limited to his lost wages, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant Employer to make whole Keith Vogeler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 18 – 22 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E.      Order Defendant Employer to pay Keith Vogeler punitive damages for its malicious and reckless conduct described in paragraphs 18 - 22 above, in amounts to be determined at trial.

F.      Order Defendant Employer to reinstate Keith Vogeler into his former position and seniority date.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*(signature)*

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
(901) 544-0088

*(signature)* with permission

STEVEN W. DILLS
Trial Attorney
TN Bar No. 11970

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-5784

7